UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDIA ESTEVEZ-YALCIN, Individually and as
Parent and Natural Guardian of N.M., an infant and
J.M. an infant,

                              Plaintiffs,

         -v-

THE CHILDREN'S VILLAGE, a not-for-profit
corporation,

                              Defendant.

Case No. 01-CV-8784 (KMK)

OPINION AND ORDER

Appearances:

David Gilman, Esq.
Gilman & Schneider, Esqs.
New York, New York
*Counsel for Plaintiffs*

Christopher Simone, Esq.
Shaub, Ahmuty, Citrin & Spratt, LLP
Lake Success, New York
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

Plaintiffs move for a certification of an interlocutory appeal, pursuant to 28 U.S.C. §
1292(b), of this Court's Opinion and Order dated June 12, 2006 ("Order"), granting Defendant's
motion for summary judgment.  For the reasons set forth below, Plaintiffs' Motion is DENIED.

I.  Background

The facts giving rise to this action are set forth in this Court's Order, with which
familiarity is assumed.  Plaintiff Claudia Estevez-Yalcin filed a complaint on behalf of herself
and her two minor children against Samuel Toffel, The Children's Village, and Westchester

County Health Care Corporation ("WCHCC"), alleging sexual abuse of her two children.

Plaintiffs alleged that Toffel, a volunteer at WCHCC and Children's Village, sexually assaulted the two children, and that Children's Village and WCHCC were negligent in their supervision and hiring of Toffel.  On January 23, 2002, Judge Koeltl, to whom the case was originally assigned, entered a default judgment against Defendant Toffel, concluding that damages against Toffel would be assessed at trial.  (Pls.' Notice of Mot. Ex. C.)  On August 9, 2004, Judge Koeltl granted WCHCC's motion for summary judgment.[1]  *See Estevez-Yalcin v. Children's Village*, 331 F. Supp. 2d 170 (S.D.N.Y. 2004).  Thereafter, Children's Village moved for summary judgment, which the Court granted in an Opinion and Order on June 12, 2006. *Estevez-Yelcin v. Children's Village*, No. 01 Civ. 8784, 2006 WL 1643274 (S.D.N.Y. June 13, 2006).

Subsequent to this Court's Order granting Defendant summary judgment, Plaintiffs pursued a direct appeal to the Second Circuit Court of Appeals, only to withdraw their direct appeal upon discovery that the judgment was not final.[2]  (Def.'s Mem. of Law in Opp'n to Pls.' Mot. Under 28 U.S.C. 1292(B) at 1.)  After withdrawing their direct appeal, Plaintiffs petitioned this Court for certification of an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).  Plaintiffs request that the Court certify the following question:  "Did the District Court erred [sic] in concluding that summary judgment should be granted in connection with plaintiff's claim sounding in negligent retention and supervision of the pedophile, Samuel Toffel?"  (Pls.' Reply

---

[1]Plaintiffs have not sought to appeal this ruling.

[2]Plaintiffs' failure to reduce a default judgment against Samuel Toffel to a final judgment on damages accounted for the lack of finality.  (Pls.' Notice of Mot. ¶ 5, Ex. C.)

Affirmation in Supp. of Mot. ¶ 39.)

## II.  Discussion

### A.  Guiding Principles

Section 1292(b) provides that a district court may certify an immediate appeal of an

interlocutory order if the court is "of the opinion that such order involves a controlling question

of law as to which there is substantial ground for difference of opinion and that an immediate

appeal from the order may materially advance the ultimate termination of the litigation."  28

U.S.C. § 1292(b).  "[D]istrict court judges have broad discretion to deny certification even where

the statutory criteria are met."  *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F.

Supp. 2d 139, 166 (E.D.N.Y. 1999) (stating that the authority to deny certification, even where

the three statutory criteria are met, is "independent" and "unreviewable"); *cf. Williston v.

Eggleston*, 410 F. Supp. 2d 274, 276-77 (S.D.N.Y. 2006) (citing, *inter alia*, 19 James Wm.

Moore et al., *Moore's Federal Practice*, § 203.31[1], at 203-86-87 (ed. 1999) ("[I]n practice the

courts treat the statutory criteria as a unitary requirement, and the decisions granting and

discussing interlocutory appeals under 28 U.S.C. § 1292(b) uniformly cite all three of the

elements as being present in any particular case.")).

Even if this Court certifies an interlocutory appeal, the Court of Appeals may decline to

hear the appeal.  *See* 28 U.S.C. § 1292(b); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475

(1978) ("The appellate court may deny the [interlocutory] appeal for any reason, including docket

congestion." (footnote omitted)); *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan

Gas Bumi Negara*, 313 F.3d 70, 81 (2d Cir. 2002) ("Upon entry of . . . an order [certifying

interlocutory appeal], the court of appeals has the discretion to accept or decline jurisdiction.").

The Second Circuit has explained that "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Coopers*, 437 U.S. at 475); *see also* 28 U.S.C. § 1291.  Indeed, the Court of Appeals has consistently emphasized that a district court is to "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992); *see also Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (noting that "the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law") (quoting *Gottesman v. Gen. Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959) (internal quotation marks omitted)).  Thus, immediate appeals as provided for in section 1292(b) should be "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler*, 101 F.3d at 865.  "[O]nly 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer,* 921 F.2d at 25 (quoting *Coopers*, 437 U.S. at 475).

## B.  Analysis

As noted above, to prevail on this motion, Plaintiffs must demonstrate that (i) there is a controlling question of law, (ii) about which there is a substantial difference of opinion, and (iii) an appeal would not prolong the litigation, but would terminate the lawsuit.

### 1.  The Absence of a Controlling Question of Law

On November 17, 2006, the Court heard oral argument on this Motion.  At oral argument, Plaintiffs conceded that their petition presents no controlling question of law.  Nonetheless, Plaintiffs maintain that it would not be an abuse of this Court's discretion to certify an interlocutory appeal, because after conducting an inquest on damages, Plaintiffs could appeal by

right.  Plaintiffs argue that it would be more efficient for this Court to grant them an immediate

appeal, rather than requiring Plaintiffs to conduct an inquest on damages of Toffel, whom they

perceive to be judgment proof.[3]  There is no authority supporting Plaintiff's argument, and all

relevant legal precedent suggests that certification of an interlocutory appeal is unwarranted in

this case.  Thus, Plaintiffs' argument for circumvention of the final judgment rule and

certification of an immediate appeal is rejected.  Although Plaintiffs conceded at oral argument

that there is no controlling question of law presented by their appeal, the Court will next address

the arguments raised on this point in Plaintiffs' brief.

Plaintiffs' position at oral argument is contradicted by the position tendered in their

moving papers.  In their submissions, Plaintiffs argue that this Court's Order presents controlling

issues of law.  In support of that proposition, Plaintiffs argue that there are triable issues of fact

as to the alleged negligence of Children's Village.  (Pls.' Notice of Mot. ¶ 9-11.)  Specifically,

Plaintiffs "seek the opportunity to take an interlocutory appeal from this Court's conclusion that

the constellation of largely undisputed facts in this case *cannot* support a finding of the negligent

supervision and retention of Toffel, as a matter of law."  (Pls.' Reply Affirmation in Supp. of

Mot. ¶ 23.)  They argue further that, "[b]ecause that ruling constitutes an *interpretation* of New

York State common law," there is a controlling question of law.  (*Id.* ¶ 24.)

These arguments are without merit for two reasons.  First, Plaintiffs have not identified a

controlling question of law, but only a plain vanilla summary judgment contest, the resolution of

which merely asks if there is a dispute about a material fact.  This alone, however, does not merit

---

[3]If Plaintiffs believe that an inquest on damages for Toffel is truly a meaningless exercise, Plaintiffs have the option of dismissing Toffel as a Defendant.  By doing so, Plaintiffs would have a final judgment which Plaintiffs could appeal by right to the Second Circuit.

interlocutory appeal.  *See Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) ("Section 1292(b), however, allows certification only of 'question[s] of law.'"); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005) ("In regard to the first prong [of the 1292(b) analysis], the 'question of law' must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.' ") (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000)); *Brown v. City of Oneonta, N.Y.*, 858 F. Supp. 340, 349 (N.D.N.Y. 1994) (denying interlocutory appeal because grant of summary judgment, "although a legal issue, is essentially fact based in nature"), *rev'd on other grounds*, 106 F.3d 1125 (2d Cir. 1997).  Plaintiffs have not raised any controlling legal issues, but are merely displeased with this Court's conclusion that Defendant was entitled to summary judgment because there was no triable issue of fact that warranted sending the case to a jury.  But "a litigant, who is dissatisfied with a court ruling, may not utilize § 1292(b) as a means for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts." *In re Winstar Comm.*, No. 01 Civ. 3014, 2006 WL 1559251, at *2 (S.D.N.Y. June 7, 2006) (internal quotations omitted); *see also Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 172 (S.D.N.Y. 1987) (noting that section 1292(b) was not intended "to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation" (internal quotation marks omitted)).

Second, a question of law is "controlling" if "reversal of the district court's order would terminate the action." *Klinghoffer,* 921 F.2d at 24.  For instance, questions of in personam and subject matter jurisdiction warrant certification under section 1292(b) because their resolution may dispose of a case. *Id.*; *see also Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d

1326, 1330 (2d Cir. 1972); *Genentech, Inc. v. Novo Nordisk A/S*, 907 F. Supp. 97, 99 (S.D.N.Y. 1995). The issue presented here is not controlling, because reversal of the Court's Order would not terminate the action, but extend it.

2. There is No Substantial Difference of Opinion

Section 1292(b) requires a "substantial ground for difference of opinion" on the controlling question of law. 28 U.S.C. § 1292(b). "A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." *Aristocrat Leisure*, 426 F. Supp. 2d at 129 (citations omitted). Rather, "there must be 'substantial doubt' that the district court's order was correct." *N.F.L. Ins. Ltd. v. B&B Holdings, Inc.*, No. 91 Civ. 8580, 1993 WL 255101, at *2 (S.D.N.Y. July 1, 1993) (quoting S. Rep. No. 2434, 85th Cong., 2d Sess. (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5257). Plaintiffs, relying on *Steinborn v. Himmel*, 780 N.Y.S.2d 412, 415-16 (App. Div. 2004), claim that this Court's holding, that Toffel's molestation of the minors cannot be characterized as a reasonably foreseeable consequence of his gift-giving, was in error. (Pls.' Notice of Mot. ¶ 14-19.) Plaintiffs also cite to *Peter T. v. Children's Village, Inc.*, 819 N.Y.S.2d 44 (App. Div. 2006), in which the Appellate Division affirmed the denial of Defendants' motion for summary judgment on claims of negligent retention and supervision. Plaintiffs rely on the result in *Peter T.* to argue that there is a substantial difference of opinion as to the issue of negligent retention and supervision.

Plaintiffs have failed to persuade the Court that there is a substantial difference of opinion as to any question of law raised in Plaintiffs' motion. Plaintiffs are merely quibbling with this Court's application of the facts to the law, not with the underlying legal rule, which is necessary

7

if this Court is to certify an immediate appeal.  *See Aristocrat Leisure*, 426 F. Supp. 2d at 129.  In

particular, Plaintiffs reliance on *Steinborn* and *Peter T.* is insufficient, because those cases are

merely persuasive, not controlling authority, and thus, are insufficient to warrant an interlocutory

appeal.  *See Williston*, 410 F. Supp. 2d at 277 (noting that disagreement over the interpretation of

persuasive authority does not justify an immediate appeal).  Plaintiffs have not advanced any

meritorious argument that New York law governing claims for negligent retention and

supervision, as laid out in *Ehrens v. Lutheran Church*, 385 F.3d 232 (2d Cir. 2004), and relied

upon in this Court's Order, was in error.  Rather, Plaintiffs rely on *Peter T.*, a case with different

facts, for an outcome that Plaintiffs seek here, but that does not establish a substantial difference

of opinion as to a controlling legal question.

   3.  An Appeal Would Prolong, Not Terminate the Lawsuit

  Finally, section 1292(b) requires that "an immediate appeal from the order may materially

advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "An immediate appeal

is considered to advance the ultimate termination of the litigation if that 'appeal promises to

advance the time for trial or to shorten the time required for trial.'"  *In re Oxford Health Plans,*

*Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998) (quoting 16 Charles A. Wright & Arthur Miller, *Federal*

*Practice and Procedure* § 3930 (2d ed. 1996)).  However, it is not enough that certification of an

immediate appeal will not slow down this litigation; it must materially advance it.  *See Isra Fruit*

*Ltd. v. Agrexco Agric. Exp. Co.*, 804 F.2d 24, 26 (2d Cir. 1986) (denying certification where

determination on appeal would result in no "appreciable saving of time"); *Genentech*, 907 F.

Supp. at 100.

  Here, an interlocutory appeal would prolong, not terminate this action.  This Court's

Order granted summary judgment as to all of Plaintiffs' claims against Defendant, and all that remains for Plaintiffs to obtain a final judgment is to conduct an inquest on damages against Toffel, something that can be done before any appeal.[4] Granting Plaintiffs' certification for an immediate appeal would not "avoid protracted litigation," *Koehler*, 101 F.3d at 866, as intended by section 1292(b), but would facilitate it.

### III. Conclusion

For the reasons set forth above, Plaintiffs' Motion for Certification of Interlocutory Appeal of this Court's June 12, 2006 Order, is DENIED.

SO ORDERED.

Dated:     November 27, 2006
             New York, New York

                                         KENNETH M. KARAS
                                         UNITED STATES DISTRICT JUDGE

---

[4] The Court recognizes that at a much earlier stage of this case, Judge Koeltl, in entering default judgment against Toffel, noted that damages could be assessed to Toffel at trial. However, now that summary judgment has been granted in favor of Children's Village, Plaintiffs can still seek an inquest for damages against Toffel.

9

<u>Service List</u>:

David Gilman, Esq.
Gilman & Schneider, Esqs.
140 Broadway, 46th Floor
New York, New York 10005
*Counsel for Plaintiffs*

Christopher Simone, Esq.
Shaub, Ahmuty, Citrin & Spratt, LLP
1983 Marcus Avenue
Lake Success, New York 11042
*Counsel for Defendant*