ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

05208

---

CLAUDIA ESTEVEZ-YALCIN, Individually and as
Parent and Natural Guardian of N.M., an infant and
J.M. an infant,

                              Plaintiffs,

        -v-

THE CHILDREN'S VILLAGE, a not-for-profit
corporation; WESTCHESTER COUNTY HEALTH
CARE CORP., public benefit corporation; and
SAMUEL TOFFEL,

                              Defendants.

---

Case No. 01-CV-8784 (KMK)

OPINION AND ORDER

---

Appearances:

David Gilman, Esq.
Gilman & Schneider, Esqs.
New York, New York
*Counsel for Plaintiffs*

Samuel Toffel
Woodborne, New York
*Pro Se* Defendant

KENNETH M. KARAS, District Judge:

        Plaintiffs move this Court for a judgment of damages against Defendant Samuel Toffel

("Toffel"), against whom Plaintiffs previously secured a default judgment. Toffel sexually

assaulted and abused the minor Plaintiffs when they were children on multiple occasions. For

the reasons that follow, the Court awards Plaintiffs J.M. and N.M. $500,000 each in

compensatory damages.[1]

---

[1]Plaintiffs have made no indication that they seek an award for punitive damages.

## I. Background

Plaintiffs commenced this action in 2001 when they filed a Complaint claiming that Toffel sexually abused them when they were young children. (Dkt. No. 1.) At that time, the case was assigned to the Hon. John G. Koeltl. Before the case was reassigned to the undersigned, Judge Koeltl entered a default judgment on January 31, 2002 against Toffel, but left the issue of damages (plus costs and disbursements) to be decided at trial. (Dkt. No. 14.) Subsequently, Defendants Westchester County Health Care Corporation and The Children's Village ("CV") were granted summary judgment as to all claims, leaving Toffel as the lone Defendant. *See Estevez-Yelcin v. The Children's Village*, No. 01 Civ. 8784, 2006 WL 1643274 (S.D.N.Y. June 13, 2006) (granting summary judgment in favor of CV); *Estevez-Yalcin v. Children's Village*, 331 F. Supp. 2d 170 (S.D.N.Y. 2004) (granting summary judgment in favor of Westchester County Health Care Corporation). Plaintiffs now move for a judgment of damages against Toffel.

In support of their Motion, Plaintiffs submit affidavits from Nelson J. Dorta, PhD, a pediatric neuropsychologist who has examined Plaintiffs; Plaintiff Nelson Minaya ("Minaya"), also known as N.M; and Plaintiff Jesse Matta ("Matta"), also known as J.M.[2] Toffel, having failed to respond to a prior order from this Court directing him to respond to Plaintiffs' Motion by July 6, 2007 (Dkt. No. 82), has not opposed the Motion.

---

[2]Plaintiffs identified themselves by their full names in their affidavits for the first time in this case. Previously, Plaintiffs were referred to by their initials of N.M. and J.M. Because Plaintiffs have unilaterally identified themselves in publically available documents filed with the Court, the Court will use their full names.

2

## II. Discussion

After a court has granted a default judgment, "the court may conduct such hearings or order such references as it deems necessary and proper" in order to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). The Second Circuit has held that a hearing is not necessary to determine damages "as long as [the court is] ensured that there [is] a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Chubb & Son Inc. v. Kelleher*, No. 92 Civ. 4484, 2006 WL 1789118, at *1 n.1 (E.D.N.Y. Apr. 28, 2006). Whether a hearing is necessary is in "the discretion of the district court." *Fustok*, 873 F.2d at 40. "A court may rely instead on 'detailed affidavits or documentary evidence' in addition to the judge's personal knowledge of the record, acquired over the course of his or her involvement with the litigation." *Kelleher*, 2006 WL 1789118, at *1 n.1 (quoting *Fustok,* 873 F.2d at 40).

The Court has not conducted a hearing on damages in this case for three reasons. First, Plaintiffs have submitted detailed affidavits from which the Court, along with its personal knowledge of the record, can assess damages. Second, neither Party has requested a hearing, and Plaintiffs do not believe that a hearing is necessary. Third, Toffel has not disputed Plaintiffs' allegations, which means that there are no contested issues of fact to resolve.

The relevant facts are as follows. Starting sometime in November 1997, Toffel, then a volunteer mentor at CV, developed a relationship with Minaya, who was a resident at CV. Shortly thereafter, Toffel sexually molested Minaya. Minaya, who was approximately twelve years old at the time the abuse began, has stated that Toffel forced him to engage in "homosexual sex" with him. (Nelson Minaya Aff. ¶ 6.) After gaining the trust of Minaya's parent and

3

guardian - Claudia Estevez-Yalcin - Toffel met Minaya's younger brother, Jesse Matta. Matta, like Minaya, was forced to engage in oral and anal sex with Toffel when he was approximately four years old. (Jesse Matta Aff. ¶ 14.)

In support of their Motion, Plaintiffs also submit the affidavit of Nelson J. Dorta, PhD. Dr. Dorta is a pediatric neuropsychologist. He interviewed both victims, reviewed their files, and prepared two written reports. (Nelson J. Dorta Aff. ¶ 3.) He concluded that Minaya suffers from "gross post-traumatic symptomology disorder, derived from the sexual abuse by Mr. Toffel" (*id.* ¶ 4), which included being forced to have oral and anal sex with Toffel (*id.* ¶ 6). Though Dr. Dota notes that Minaya had significant psychological problems before Toffel's actions, he concludes that Toffel's sexual abuse had "significant and adverse" consequences for Minaya. (*Id.* ¶ 7.) For example, Toffel's abuse has caused Minaya to suffer from nightmares, fear, and anger. (*Id.* ¶ 6.) Without "intensive residential services over a long period of time," Dr. Dorta believes that Minaya's "prognosis is extremely poor with a high risk that he will harm others or will himself be incarcerated."[3] (*Id.* ¶ 4.)

According to Dr. Dorta, Matta, who was also forced to have oral and anal sex with Toffel (*id.* ¶ 12), suffers "significant psychological distress[,]" as a result, in large part, of Toffel's sexual abuse (*id.* ¶ 11). Dr. Dorta concluded that, "[t]he abuse he experienced will have a dramatic and adverse effect upon his development" (*id.* ¶ 12), and that he will require "intensive and long term psychotherapy with a mental health professional . . ." (*id.* ¶ 13).

___

[3]Minaya, is, in fact, currently incarcerated after pleading guilty to lewd and lascivious behavior with a thirteen year-old girl, who Minaya says engaged in consensual sex with him. (Aff. of Nelson Minaya ¶ 5.) Minaya attributes his conduct to his need to express his masculinity as a result of Toffel's abuse. (*Id.* ¶ 6.)

4

Both Plaintiffs are clearly still suffering from the long-lasting effects of Toffel's horrific crimes committed against them when they were young boys.[4]  Matta stated that "the image of Sam is constantly with me, taunting me and reminding me of the sexual acts he forced me to engage in . . . ."  (Aff. of Jesse Matta ¶ 13.)   Minaya is also haunted by Toffel's abuse.  Minaya stated that "at least daily, and sometimes several times a day, something will remind me of what happened to me . . . and then the awful time I spent as Toffel's victim comes flooding [to] my mind, wiping everything else out."  (Aff. of Nelson Minaya ¶ 9.)

Under New York law, "[c]ompensatory damages recoverable for sexual assault, battery and intentional infliction of mental distress include compensation for the injury itself, conscious pain and suffering including mental and emotional anxiety . . . ."  *Deborah S. v. Diorio*, 583 N.Y.S.2d 872, 878 (Civ. Ct. 1992), *modified*, 612 N.Y.S.2d 542 (Sup. Ct. 1994) (holding that plaintiff was not entitled to interest on punitive damages award for any period prior to date of trial court's decision).  Damages may be awarded based on Plaintiffs' subjective testimony of pain, but Plaintiffs' proof must satisfactorily establish that the injury is more than minimal.  *See Laurie Marie M. v. Jeffrey T.M.*, 559 N.Y.S.2d 336, 339 (App. Div. 1990) *aff'd,* 575 N.E.2d 393 (N.Y. 1991).

This Court has the difficult task of deciding how much financial compensation Plaintiffs are entitled to as a result of the injuries they suffered at the hands of Toffel.  The task is made even more difficult by the lack of benchmarks in this area from which the Court could base an award of damages.  *See Jeffrey T.M.*, 559 N.Y.S.2d at 339 ("There are few reported cases in New

---

[4]Toffel pleaded guilty to criminal charges that he abused Minaya and Matta, and he is currently incarcerated for those crimes.

York involving civil actions to recover damages for sexual abuse."). Cases awarding damages for the sexual abuse of minors are even more sparse.

One unreported case – *Phillips v. Goulbourne*, N.Y. L. J., August 4,1995, at 27 (Westchester County Sup. Ct.) – provides helpful guidance. In *Phillips*, the court awarded the plaintiffs $500,000 each in compensatory damages for the defendant's acts of rape and sodomy against both plaintiffs, who were seven and ten year-old girls at the time of their assaults. In striking similarity to the case at bar, the court described the plaintiffs as suffering from post-traumatic stress syndrome, and as withdrawn, reticent, and fearful. Also, as here, both plaintiffs in *Phillips* required continued therapy. Also, the *Phillips* Court considered relevant, among other factors, the threat to the victims' self-esteem, as well as their physical, psychic and emotional integrity and health. In a different case, a child's stepfather admitted to grossly inappropriate touching of his step-daughter. The award in that case was reduced from $200,000 to $100,000 after the Second Department found that there was very little permanent psychological damage to the victim. *See Jeffrey T.M.*, 559 N.Y.S.2d at 340. However, another court awarded $400,000 in compensatory damages for a brutal rape which took place at knife-point in a state university dormitory. *See Miller v. State of New York,* 487 N.Y.S.2d 115 (App. Div. 1985).

In the case at bar, it is clear (and uncontested) that Plaintiffs have suffered significant psychological injuries as a result of Toffel's abuse. Plaintiffs have personally explained the pain they suffered and continue to suffer. Dr. Dorta's affidavit demonstrates that Plaintiffs' injuries are in line with the injuries suffered by the plaintiffs in *Phillips*. Based on Plaintiffs' submission to the Court, and on the range of awards in similar cases, the Court is persuaded that Plaintiffs' damages are severe enough to warrant significant compensatory damages.

6

## III. Conclusion

For the reasons stated above, Toffel is ordered to pay Plaintiffs Minaya and Matta

$500,000 each in compensatory damages.

SO ORDERED.

Dated:  September /2 , 2007
        New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

7

Service List:

David Gilman, Esq.
Gilman & Schneider, Esqs.
140 Broadway, 46th Floor
New York, New York 10005
*Counsel for Plaintiffs*

Samuel Toffel
DIN # 01A3881
c/o Woodborne Correctional Facility
Riverside Dr.
Woodborne, NY 12788
*Pro Se* Defendant